

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed July 05, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | CHAPTER 11 | |
| NEAL MATTHEW QUIGLEY, § | | |
| DEBTOR. § | CASE NO. 09-43357 (DML) | |
| § | | |

---

| | | |
|---|---|---|
| COUNTRY FORD-MERCURY, INC., § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | ADVERSARY PRO. NO. 09-4364 | |
| § | | |
| NEAL MATTHEW QUIGLEY, § | | |
| DEFENDANT. § | | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Came on for hearing on the 28th day of June 2008, the above-styled case, and after considering the evidence, pleadings and arguments of counsel, the court makes the following findings of fact and conclusions of law.

1. The Plaintiff is an auto dealership located in Guthrie, Oklahoma.

2. Defendant Neal Quigley obtained three vehicles from Plaintiff in 2008.

3. The first vehicle purchased was a 2008 Ford F250 Pickup with a value of $61,594.00. Defendant received a factory rebate of $1,000.00, and was to pay $27,000.00 as a down payment and financed the remainder of the purchase price with Ford Motor Credit.

4. The down payment was to be in the form of the trade-in of a 2007 Lexus worth $27,000.00. However, after Defendant left the Lexus with Plaintiff and departed with the new vehicle, it was discovered that the Lexus was subject to an outstanding lien which made it unusable as a trade-in.

5. The second vehicle purchased by Defendant was a 2008 Ford F150 Pickup, with an agreed price of $42,879.95, plus $89.50 Document Fee, for a total agreed price of $42,969.45. Defendant was to make a $23,000.00 down payment and finance the rest of the purchase price with Ford Motor Credit. $16,000.00 of the down payment was to be made in the form of another trade-in vehicle, a Ford F250 pickup.

6. After Defendant left that vehicle with Plaintiff and departed with the new vehicle, it was discovered that the F250 was subject to an outstanding lien which made it unusable as a trade-in.

7. The third vehicle Defendant purchased was a 2004 Ford Edge, with an agreed price of $38,515.00, plus a Document Fee of $89.50, for a total price of $38,604.50. Defendant received a $3,500.00 factory rebate and was to make a $5,000.00 down payment and finance the rest through Ford Motor Credit.

8. Defendant wrote Plaintiff a personal check for $12,000.00, representing the cash portion of the down payments on the second and third vehicles purchased.

9. After Defendant had departed with the new vehicles, this check was returned for insufficient funds.

10. Defendant retrieved the two unusable trade-in vehicles and gave Plaintiff a Lincoln limousine worth approximately $13,000.00.

11. Defendant never made any payments to Ford Motor Credit on any of these vehicles, which ultimately forced Plaintiff to purchase the notes on the vehicles from Ford Motor Credit.

12. Defendant had taken the vehicles to his home in Grand Prairie, Texas, and refused to return them to Plaintiff when requested.

13. Plaintiff was forced to initiate a replevin and fraud action against Defendant in Logan County, Oklahoma, for return of the vehicles. Defendant defaulted in that action and judgment was rendered against him and his wife.

14. Subsequently, Plaintiff was forced to file suit against Defendant in Tarrant County, Texas, in an effort to obtain possession of the vehicles through enforcement of the Oklahoma court's order for Defendant to deliver the vehicles to Plaintiff.

15. That suit was settled on or about January 20, 2009, when the parties entered into a Rule 11 Settlement Agreement which was filed with the Tarrant County court. That agreement required Defendant and his wife to pay to Plaintiff the sum of $65,000.00 on or before close of business on January 23, 2009. However, Defendant failed to pay as agreed.

16. The Tarrant County court issued an order requiring Defendant to turn the vehicles over to Plaintiff. The vehicles were turned over in February, 2009, after Defendant had the vehicles for almost a year without paying for them.

17. A final judgment was entered as amended on April 27, 2009, against Defendant in the Logan County, Oklahoma case, in the amount of $35,243.12. That judgment was subsequently domesticated in Tarrant County, Texas.

18. Plaintiff timely filed a claim in Defendant's underlying bankruptcy case on November 23, 2009, in the amount of $35,243.12 (the "Claim").

19. Defendant made materially false representations to Plaintiff.

20. At the time of the representations, Defendant knew them to be false.

21. Defendant made the representations with the intent and purpose of deceiving Plaintiff.

22. Plaintiff justifiably relied on the representations.

23. Plaintiff sustained a loss or damage in the amount of the Claim as the proximate consequence of the representations having been made.

24. Defendant made knowing misrepresentations describing past or current facts that were justifiably relied on by Plaintiff.

25. As a result of Defendant's actions, the debt to Plaintiff is nondischargeable in Defendant's bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A).

26. Judgment will enter finding Plaintiff's claim nondischargeable and lifting the stay as to this claim and the underlying judgment, including interest from April 27, 2009.

Counsel for Plaintiff is directed to submit a final judgment consistent with these findings and conclusions.

# # # # END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW # # # #